# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN CHEPIGA, JACKIE EISENBERG, DEBRA HALL, ROBERT BEDELL, MILCAH HINES, and SUSAN GOODMAN on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CONAIR CORPORATION,<br><br>　　　　　　　Defendant. | No. 3:17-cv-01090-BRM-LHG<br><br>R E C E I V E D<br><br>OCT 2 7 2017<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS, APPROVING CLASS NOTICE, AND SCHEDULING THE FINAL APPROVAL HEARING

THIS MATTER having been opened to the Court by Plaintiffs' Counsel John D. Radice of the Radice Law Firm, on behalf of Plaintiffs Ellen Chepiga, Jackie Eisenberg, Debra Hall, Robert Bedell, Milcah Hines, and Susan Goodman (the "Representative Plaintiffs") by way of their unopposed motion ("Preliminary Approval Motion") for preliminary approval of the proposed settlement with Conair Corporation ("Conair" and, with Representative Plaintiffs, the "Parties") and certification of a settlement class (the "Class") in the above-captioned action (this "Action");

WHEREAS, the Court having reviewed and considered the Preliminary Approval Motion and supporting materials filed by Plaintiffs' Counsel, and having also reviewed the court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law, and good cause appearing;

IT IS ON THIS 27th day of October, 2017

ORDERED that the settlement (including all terms of the Settlement Agreement, dated July 31, 2017, between Representative Plaintiffs and Conair, and exhibits thereto) (the "Agreement") is hereby PRELIMINARILY APPROVED.

The Court further finds and orders as follows[1]:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), and venue is proper in this District.

2. The Court has personal jurisdiction over the Representative Plaintiffs, Class members, and Conair.

3. The Agreement appears to be the product of serious, informed, non-collusive, and good faith negotiations between the parties. The Agreement falls well within the range of reason. The Agreement has no obvious deficiencies. The Agreement does not unreasonably favor the Representative Plaintiffs or any segment of the Class.

4. Because the Agreement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Agreement and all of its exhibits.

5. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, including that the proposed Class is currently and readily ascertainable based on objective criteria. The Court certifies the Class, as follows:

> All Conair customers who are eligible to receive replacement blades pursuant to the December 13, 2016 product recall.

6. The Court finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

---

[1] To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Agreement.

2

    a)  Pursuant to Fed. R. Civ. P. 23(a)(l), the members of the Class are so numerous that joinder of all members is impracticable.

    b)  Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that there are common issues of law and fact for the Class as follows:

    1. Were the blades defective?

    2. Did Conair know about the alleged defects in the blades at the time it sold the machines?

    3. When did Conair become aware of the alleged defects in the blades?

    4. What actions did Conair take after becoming aware of the alleged defects in the blades?

    5. What representations did Conair make when selling the machines?

    6. Is a machine without the riveted blade usable without a replacement blade?

    7. To what extent is the value of a machine diminished without a riveted blade?

    8. What loss does a user sustain during the period in which the user has to avoid using the riveted blade?

    9. Were Conair's actions a violation of the New Jersey Consumer Fraud Act?

    10. Did the alleged flaws in the blades violate the express warranties contained with the machines?

    11. Did the alleged flaws in the blades violate the implied warranty of merchantability?

12. How fast can Conair reasonably produce and ship replacement blades?

13. What is fair compensation for a customer who does not receive a replacement blade on schedule?

c) The Court hereby appoints the following Representative Plaintiffs as Class Representatives:

Ellen Chepiga, Jackie Eisenberg, Debra Hall, Robert Bedell, Milcah Hines, and Susan Goodman.

d) Pursuant to Fed. R. Civ. P. 23(a)(3), the Representative Plaintiffs have claims that are typical of the claims of the Class, because their claims are based on the same allegedly unlawful conduct by Conair that is the basis of the claims by other Class members, and their allegations against Conair are based on the same legal theories as the allegations of other Class members.

e) Pursuant to Fed. R. Civ. P. 23(a)(4), the Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Representative Plaintiffs are not antagonistic to those of the Class. Furthermore, the Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

7. The Court further finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied, as follows:

a) Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members;

b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and

c) The class is currently and readily ascertainable based on objective criteria. The proposed method for ascertaining Class members is reliable, administratively feasible, and permits Conair to challenge the evidence used to prove Class membership.

8. The Court finds that the content of the notice attached to the Agreement as Exhibit A satisfies the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1) and due process, and accordingly approves the notice.

9. This Court further approves the proposed methods for giving notice of the settlement to Class Members and handling replacement blade requests filed by Class Members, as reflected in the Agreement and the Preliminary Approval Motion. The Court has reviewed the notice attached as an exhibit to the Agreement, and the notice procedures, and finds that the Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members, using Conair's own records when possible, and directs Conair to use this information to mail class members notice via email. The Court also orders payment of notice costs as provided in the Agreement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.

10. The Court hereby appoints John Radice of the Radice Law Firm as Class Counsel pursuant to Rule 23(g) and preliminarily finds that he and his firm fairly and adequately represent the interests of the Class.

11. The Court directs that, pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on _April 5, 2018_ at 10:00 am to consider final approval of the Agreement (the "Final Approval Hearing") including, but not limited to, the following issues: (a) whether the Class should be

certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) approval of Class Counsel's application for an award of attorneys' fees and litigation expenses; and (d) approval of an award of incentive payments to the Representative Plaintiffs. The Final Approval Hearing may be adjourned by the Court, and the Court may address the matters set out above, including final approval of the Agreement, without further notice to the Class other than notice that may be posted at the Court, and on the Court's website.

12. Persons wishing to object to the proposed settlement and/or be heard at the Final Approval Hearing shall follow the following procedures:

a. Objections to the settlement or to the applications for attorney's fees and litigation expenses and incentive awards must be mailed to the Clerk of the Court, with a copy to Class Counsel and Conair's counsel by both mail and email. For an objection to be considered by the Court the objection must be: mailed first-class, postage prepaid, to the Clerk of Court, Class Counsel, and Conair's counsel, at the addresses listed in the notice, and postmarked by no later than the objection deadline, as specified in Paragraph 17 of the notice, and received by email by Class Counsel and Conair's counsel by no later than the objection deadline.

b. For an objection to be considered by the Court, the objection must also set forth:

1. the objector's full name, address, email address, and telephone number;

2. an explanation of the basis upon which the objector claims to be a member of the Class: a statement that the objector owns a Cuisinart machine subject to the recall, and its model number and serial number;

    3. a clear statement of an intention to object to the settlement, including the case name and number;

    4. all grounds for the objection, accompanied by any materials providing legal or factual support for the objection;

    5. information about objections that the objector or his or her counsel has made in other class action cases;

    6. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement, the application for attorney's fees and litigation expenses, or the application for incentive awards;

    7. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

    8. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    9. a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

    10. the objector's signature (an attorney's signature is not sufficient).

  13. Members of the Class who elect not to participate in the settlement must submit a written request for exclusion to Class Counsel and Conair's counsel that is postmarked no later than **February 26, 2018**. The written notification must include the individual's name, address, email address, and telephone number; the model number and serial number of the individual's Cuisinart machine; a statement that he or she wants to be excluded from the settlement in Chepiga, et al. v. Conair Corporation; No, 17-1090 (D.N.J); and the individual's signature. Class

Counsel shall provide Conair with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Class, which Class Counsel shall move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

14. Any member of the Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Class and shall be bound by all the terms and provisions of the Agreement and the settlement, including the release of Released Claims (as defined in Paragraph 11 of the Agreement), and the Order of Final Judgment.

15. The following are the deadlines for the following events:

| EVENT | DATE |
| --- | --- |
| Notice of Class Action Settlement (CAFA Notice) | August 10, 2017. |
| Notice of Class Action Settlement Emailed and Posted on the Internet | 60 days from the Preliminary Approval Date. |
| Filing Motion for Final Approval, Attorney's Fees, Reimbursement of Expenses, and Incentive Awards To be Filed by Class Counsel | 99 days from the Preliminary Approval Date. |
| Postmark/Filing Deadline for Requests for Exclusions, and Objections | At least 120 days from the Preliminary Approval Date. |
| Service/Filing Notice of Appearance at Final Approval Hearing | 120 days from the Preliminary Approval Date. |
| Report of Exclusions and Objections | 10 days prior to the date of the Final Approval Hearing. |
| Final Approval Hearing | At least 150 days from the Preliminary Approval Date. |

16. In the event that the settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered in

connection herewith shall be null and void to the extent provided by and in accordance with the Agreement. If the settlement does not become effective, Conair and any other Released Party (as defined in the Agreement) shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This Action shall thereupon revert immediately to its procedural and substantive status prior to the date of execution of the Agreement, and shall proceed as if the Agreement and all other related orders and papers had not been executed.

17. Nothing in this Preliminary Approval Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Conair, or an admission of the propriety of class certification for any purposes other than for the purposes of the current proposed settlement and Agreement.

18. All other proceedings in this Action are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed settlement. No discovery with respect to this Action, or with respect to this settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the settlement, all class members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims (as defined in Paragraph 11 of the Agreement).

19. The Court shall retain continuing jurisdiction over this Action, the Parties and the Class, and the administration, enforcement, and interpretation of the Agreement. Any disputes

or controversies arising with respect to the Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall interfere with the Parties' rights under Paragraphs 16 and 18 of this Order.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Brian R. Martinotti, U.S.D.J.