**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELLEN CHEPIGA, JACKIE EISENBERG, DEBRA HALL, ROBERT BEDELL, MILCAH HINES, and SUSAN GOODMAN, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>CONAIR CORPORATION,<br><br>      Defendant. | No. 3:17-cv-01090-BRM-LHG<br><br>**APPLICATION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS TO REPRESENTATIVE PLAINTIFFS**<br><br>Hearing Date: April 5, 2018. |

i

Pursuant to the Court's Order Preliminarily Approving the Proposed Settlement, Certifying the Settlement Class, Approving Class Notice, and Scheduling the Final Approval Hearing, entered on October 27, 2017, Class Counsel hereby petitions for an award of attorneys' fees and reimbursement of litigation costs, and approval of incentive awards to the Representative Plaintiffs.[1]

Class Counsel worked diligently to prosecute the claims in this class action to a successful conclusion. This result was achieved in the face of significant legal and factual hurdles and Class Counsel's recovery of fees was entirely contingent. Having invested time and expense in prosecuting this matter, having borne the risk of no recovery, and having obtained an excellent result for the Class, Class Counsel now petitions the Court for an award of attorneys' fees in the amount of $295,368 ("Attorneys' Fees") and reimbursement of litigation costs in the amount of $622 ("Litigation Costs").  Class Counsel also petitions for approval of incentive awards to the Representative Plaintiffs in an amount not to exceed $2,500 for each plaintiff, or $15,000 in the aggregate ("Incentive Awards").

The Attorneys' Fees, Litigation Costs, and Incentive Awards, if approved, will be paid directly by Defendant Conair Corporation ("Conair") separate and apart from the recovery to the Class and will not reduce the value of the settlement to the Class. Conair agreed not to object to this request for Attorneys' Fees, Litigation Costs, and Incentive Awards, subject to the Court's approval.

---

[1] Capitalized terms not defined herein shall have the definitions set forth in the Settlement Agreement.

1

For the reasons set forth below, Class Counsel's petition for Attorneys' Fees, Litigation Costs, and Incentive Awards is reasonable and should be approved.

## I. THE PROPOSED AWARD OF ATTORNEYS' FEES WAS NEGOTIATED AT ARM'S-LENGTH AFTER SUBSTANTIVE RELIEF FOR THE CLASS HAD BEEN AGREED UPON, AND IT WILL NOT REDUCE THE RELIEF TO THE CLASS

Pursuant to Class Counsel's usual practice in class actions, they refused to negotiate Attorneys' Fees until after an agreement in principle had been reached as to the substantive relief for the class.[2] Thereafter, Class Counsel engaged in arm's-length negotiations as to the amount of Attorneys' Fees and Incentive Awards to be paid, subject to court approval. This fact supports the propriety of the requested award of fees. *See McKenna v. Sears, Roebuck & Co.*, 1997 U.S. App. LEXIS 15528 at *4 (9th Cir. June 25, 1997) ("Here, the fee agreement was negotiated after the class settlement, a fact that reduces the danger of an improper *quid pro quo* detrimental to the class."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 542-43 ( D.N.J. 1997), *aff'd sub nom, Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283 (3d Cir. 1998); *Lane v. Page*, 862 F. Supp. 2d 1182, 1258 (D.N.M. 2012) ("[T]hat the fees were negotiated after the Settlement [fund itself] reduces the risk of any improper bargaining").

Moreover, that the requested award will be paid separately by Conair – and thus will not reduce the recovery of any Class member – also supports approval of the fee request. The Third Circuit noted that there is less need for judicial scrutiny of fee awards paid separately from class relief, stating:

---

[2] This practice guarantees that the interests of the Class are placed first – as they should be – and that the issue of attorneys' fees is a secondary consideration.

> [T]he losing party who will pay the fee is before the court, thus obviating any need for special judicial involvement. Arguably, all the judge needs do is rule on the fee application based on the competing presentations of the adversaries.

*Report of the Third Circuit Task Force, Court Awarded Attorney Fees*, 108 F.R.D. 237, 251 (3d Cir. 1985). *See also, e.g., Pro v. Hertz Equip. Rental Corp.*, 2013 U.S. Dist. LEXIS 86995 at *16-17 (D.N.J. June 20, 2013) ("Courts routinely approve agreed-upon attorneys' fees, particularly when the amount is independent and does not impact the benefit obtained for the class."); *In re LG/Zenith Rear Projection Television Class Action Litig.*, 2009 U.S. Dist. LEXIS 13568, at *23 (D.N.J. Feb. 18, 2009) (approving the attorneys' fees requested for class counsel after a finding that the fees were separate from, and thus did not diminish, the class settlement); *In re Uponor, Inc.*, 2012 U.S. Dist. LEXIS 90294 at *36-37 (D. Minn. June 29, 2012), stating:

> Where, as here, class counsel has expended considerable time and effort in procuring a settlement, has independently negotiated the fee amount at arm's length with defendants, and the fee amount does not impact or diminish the total settlement received by class members, the attorneys' fees requested are appropriate.

## II.  CLASS COUNSEL'S CONTINGENT COMPENSATION SUPPORTS A FINDING THAT THE REQUESTED FEE IS REASONABLE

Class Counsel agreed to take this matter on an entirely contingent basis. *See* Decl. of John D. Radice at ¶ 17. Neither Representative Plaintiffs nor any other Class member have paid (nor owe) any fees to Class Counsel, nor have Representative Plaintiffs nor any other Class member reimbursed any of Class Counsel's Litigation Costs, all of which were advanced by Class Counsel. *Id.* Class Counsel has invested 477.5 total hours of attorney time, 133.0 of which were incurred from August 2017 through the present, and $ 622 in costs in this matter, with no guarantee that they would receive any fees or even recover their expenses. *See id*. at ¶ 17-19.

Federal courts have frequently held that the risk inherent in bringing a contingent case is a "major factor" in calculating an award of attorneys' fees. *See, e.g., In re Ins. Brokerage Antitrust*

3

*Litig.*, 297 F.R.D. 136, 155 (D.N.J. 2013) ("Courts recognize the risk of non-payment as a major factor in considering an award of attorney fees."); *In re Xcel Energy, Inc., Sec. Derivative Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees."). Indeed, many courts have held that "where counsel's compensation is contingent on recovery, a premium above counsel's hourly rate may be appropriate." *Pro v. Hertz Equip. Rental Corp.*, 2013 U.S. Dist. LEXIS 86995 at *20 (D.N.J. June 20, 2013) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 199 (3d Cir. 2000)) (emphasis added).

The case at bar illustrates why "a major factor" in the decision to award attorneys' fees is whether counsel took on the risk of not receiving any fees. This case arose because of alleged defects in the "riveted blade" that was the primary blade in certain models of Conair's Cuisinart brand food processing machines. On December 13, 2016, Conair announced a recall of the riveted blade due to a risk of breakage of the blade, and advised owners of any Cuisinart machine containing a riveted blade to cease using that blade immediately. This potentially affected eight million machines sold over the period from 1996 to 2015. Plaintiffs alleged that (1) Conair engaged in fraudulent acts and practices by promoting Cuisinart machines as functional when in fact they were not functional as advertised, (2) Plaintiffs and other class members suffered ascertainable losses when they had to stop using their machine's primary blade, (3) Conair breached an express warranty, because it knew or reasonably should have known that the machines would require repair or replacement, thereby violating the express warranty contained with the machines, and (4) Conair breached an implied warranty, because the food processors were not fit for their ordinary and intended purpose of chopping food.

Each Plaintiff's alleged loss, however, was relatively small – the damages from not being able to use, or from more limited use of, a food processing machine typically costing between $100 and $350, for a period of months. No rational person would pay an attorney on an hourly basis to litigate a case involving such small damages. However, without litigation, millions of individuals with defective blades would not be guaranteed to receive their blades on a certain schedule, they would not receive cash compensation if their replacement blades were not received on time, and they would not receive a warranty on their replacement blades. Thus, without the possibility of contingent fee recovery or statutory fee-shifting to attract counsel, consumers would have no incentive or means to obtain counsel and therefore no way to effectively exercise their statutory right to bring a private action under the New Jersey Consumer Fraud Act or their rights to bring claims for breaches of express or implied warranties.

Moreover, even though Class Counsel could be legally entitled to an enhancement, or a "premium," above and beyond its lodestar based on the contingent nature of its fee arrangement, Class Counsel is only seeking an award of Attorneys' Fees that is equal to its raw, unadjusted lodestar of $295,368. This further supports the reasonableness of Class Counsel's fee request.

## III. THE REQUESTED FEE IS REASONABLE UNDER THE LODESTAR ANALYSIS

### A. Plaintiffs are Entitled to Fees and Costs Under Federal Rule of Civil Procedure Rule 23(h) and the New Jersey Consumer Fraud Act.

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The various Representative Plaintiffs asserted claims under the New Jersey Consumer Fraud Act, which requires that prevailing plaintiffs be awarded their attorneys' fees and costs, N.J. Stat. § 56:8-2 *et seq.*, § 56:8-19 ("In all actions under this

section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.")

Having created a substantial benefit for the Class as a result of the Settlement, Class Counsel are therefore entitled to reasonable attorneys' fees here. *See Pro v. Hertz Equip. Rental Corp.*, 2013 U.S. Dist. LEXIS 86995 at *18 (D.N.J. June 20, 2013) (quoting *In re Diet Drugs*, 582 F.3d 524, 546 (3d Cir. 2009)) (award of attorneys' fees is proper "where class counsel's efforts in litigating a case results in 'a substantial benefit'" on class members); *P. N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 853 (3d Cir. 2006) (a settlement confers prevailing party status and an entitlement to attorneys' fees under a fee-shifting statute "where it alters the legal relationship of the parties and is judicially sanctioned.")

"Attorneys' fees requests are generally assessed under one of two methods: the percentage-of-recovery ('POR') approach or the lodestar scheme." *Monteleone v. Nutro Co.*, 2016 U.S. Dist. LEXIS 85154, at *6 (D.N.J. June 30, 2016) (quoting *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011)). The POR method is favored in cases involving a common fund, and is designed to allow courts to award fees from the fund "in a manner that rewards counsel for success and penalizes it for failure." *Id.* (quoting *In re General Motors Corp.*, 55 F.3d 768, 821 (3d Cir. 1995)). The lodestar method is commonly applied in statutory fee-shifting cases such as this one, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a POR method would provide inadequate compensation, *id.*, or, as is also the case here, where the value of the relief obtained by the Class would be difficult to quantify in pure monetary terms. *See e.g. Phillips v. Phila. Hous. Auth.*, No. 00-4275, 2005 U.S. Dist. LEXIS 16267, at *11 (E.D. Pa. Aug. 8, 2005).

### B.      The Requested Fee is Reasonable Under the Lodestar Method.

The lodestar method is appropriate in the instant case where Plaintiffs asserted claims under the New Jersey Consumer Fraud Act. *Monteleone, at \*6*; *Weber v. Gov't Employees Ins. Co.*, 262 F.R.D. 431, 449-50 (D.N.J. 2009) (concluding that the lodestar method was proper in a New Jersey Consumer Fraud Act class action given the fee-shifting provision and where the award of attorneys' fee would not affect the settlement). Further, the lodestar method is appropriate where, as here, the award of attorneys' fees will be paid separate from and without affecting the recovery to the settlement class. *Id.* at \*6-7.

The United States Supreme Court has held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *partially overturned on other grounds*. This calculation, called the lodestar method, is "strongly presumed" to yield a reasonable fee. *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992), at 562).

"A court determines the lodestar by multiplying the number of hours counsel reasonably worked on a client's case by a reasonable hourly billing rate for such services in a given geographical area provided by a lawyer of comparable experience." *Monteleone*, 2016 U.S. Dist. LEXIS 85154, at \*7 (quoting *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 199 (3d Cir. 2000)). "The reasonable attorney rate is determined by reference to the marketplace." *Id.* (quoting *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 157 (D.N.J. 2013)).

Under the lodestar method, the party seeking fees typically submits to the Court the number of hours worked by counsel along with each attorney's applicable hourly rate. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433). After any

challenges by an opposing party, the Court is afforded "a great deal of discretion" in determining whether the reported number of hours and hourly rates are reasonable. *Rode*, 892 F.2d at 1183 (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989)). Even an unopposed fee application must be approved as reasonable. *See Samost v. Luborsky*, No. 13-7365, 2017 U.S. Dist. LEXIS 35124, at *8-9 (D.N.J. Mar. 13, 2017).

Here, Class Counsel's combined, raw, unadjusted lodestar is $295,368. Radice Decl., at ¶18. However, Class Counsel seek only that amount in Attorneys' Fees and $622 in Litigation Costs. Radice Decl., at ¶18-19. Notably, Class Counsel agreed to accept an amount equal to their lodestar in this matter.

**1. Class Counsel's Hours Are Reasonable.**

In discussing the amount of information necessary to support a fee petition, the Supreme Court stated:

> Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.

*Hensley*, 461 U.S. 424 at 437, n.12. There is comparable language in *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973) (*Lindy I*), *vacated in part on other grounds*, wherein the Third Circuit stated:

> It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

Moreover, where – as here – a defendant has agreed to pay an award of attorneys' fees separate from the class recovery, courts have typically required even less detail in a fee application. *See, e.g., In re Uponor, Inc.*, 2012 U.S. Dist. LEXIS 90294, at *36-37 (D. Minn. June 29, 2012):

8

> [W]hen a defendant agrees to pay fees and costs separately from the benefit for a class, the district court "may rely on summaries submitted by the attorneys and need not review actual billing records."

Class Counsel expended 477.5 total hours on this litigation to date, *see* Radice Decl., at ¶18, 133.0 of which were incurred from August 2017 to the present, and will expend additional uncompensated time throughout the final approval process. Counsel's hours were ably spent. Class Counsel's work on this case involved (1) factual research of interviewing Class members and reviewing news articles about the recall, (2) legal research about Rule 23, potential claims, the New Jersey Consumer Fraud Act, and the scope of applicable express and implied warranties, and (3) confidential discovery concerning Conair's notice of the defective blades, ability to manufacture replacement blades – including difficulties in obtaining sufficient quantities of high-quality steel to manufacture the blades – and timetable for the same, and data concerning sales figures and blade replacement requests. Class Counsel acted efficiently throughout the prosecution of this action. Recognizing that the main priority of most class members was the fastest possible receipt of their replacement blades, Class Counsel performed this research and discovery on an expedited basis, pursuing discovery at the same time as early settlement negotiations, which proved successful. Class Counsel also drafted the settlement documents and preliminary approval and final approval briefings, and responded via email and telephone to numerous questions by class members regarding the settlement. All of the aforementioned hours expended by Class Counsel were necessary to prosecute this matter to a successful conclusion and to obtain the substantial relief that the Class will now receive. Based on the foregoing, it is submitted that Class Counsel's hours are reasonable.

### 2. Class Counsel's Hourly Rates Are Reasonable.

In determining the reasonableness of a requested hourly rate, "[t]he court first focuses on the attorneys' customary billing rates." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 477 (E.D. Pa. 1995); *see also Student Pub. Interest Research Grp. v. AT&T Bell Lab.*, 842 F.2d 1436, 1445 (3d Cir. 1988). "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004).

As indicated in the accompanying certifications by Class Counsel, the reported hourly rates represent counsel's normal billing rates in complex litigation. Radice Decl., ¶ 18. Although the fee in this case is entirely contingent, the hourly rates identified herein are those actually charged by counsel to clients when hourly billing is used. *Id*., at ¶17-18. Moreover, the hourly rates of each lawyer have been approved by numerous federal courts. *Id*., at ¶18. Detailed accounts of Class Counsel's experience are also set forth in the accompanying certification. *See id*, at ¶ 3-6. Accordingly, it is submitted that Class Counsel's hourly rates are reasonable.

### 3. Class Counsel's Costs Are Reasonable.

The actual out of pocket litigation costs spent by Class Counsel on the prosecution of this matter were $622. *See* Radice Decl., at ¶19. Each of these costs was necessary for the prosecution and eventual settlement of this matter, and therefore should be approved as reasonable.

## IV. THE PROPOSED INCENTIVE AWARDS TO THE REPRESENTATIVE PLAINTIFFS ARE REASONABLE.

Class Counsel requests that the Court award a total of $15,000 to be paid as Incentive Awards to the six Representative Plaintiffs in this action. The Incentive Awards will be paid by Conair separate and apart from the recovery to the Class, and will not reduce the value of the settlement to the Class.

The purpose of an incentive award to the named plaintiff in a class action is to recognize that he or she has undertaken extra burdens in instituting the litigation beyond those borne by ordinary class members and that his or her efforts helped recover a benefit for the entire class. *See Altnor v. Preferred Freezer Servs.*, 197 F. Supp. 3d 746, 769 (E.D. Pa. 2016): "[t]o the extent that named plaintiffs' participation in bringing the litigation is in the nature of a 'private attorney general,' incentive awards can be construed as a tool to 'reward the public service' of named plaintiffs for contributing to the enforcement of mandatory laws." *See also Machulsky v. Lilliston Ford, Inc.*, No. A-2987-06T5, 2008 N.J. Super. Unpub. LEXIS 2603, at *7 (Super. Ct. App. Div. July 21, 2008), explaining that the purpose of an incentive award to a named plaintiff is to recognize that:

> [T]he public policy favoring private civil litigation as a means to promote certain important social values often fails to provide adequate compensation or incentive for plaintiffs to take on this burden simply on principle. The representative assumes substantial risk, not just of losing the time and costs of litigation, but also of retaliation or collateral notoriety. (citation omitted)

It is generally recognized that, "[a]s a matter of practice, courts routinely approve Service Awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Med. Mut. of Ohio v. Smithkline Beecham Corp.*, 291 F.R.D. 93, 106 (E.D. Pa. 2013) (internal cites omitted); *see also In re Philips/Magnavox TV Litig.*, No. 09-3072, 2012 U.S. Dist. LEXIS 67287 at *56 (D.N.J. May 14, 2012) (same). Indeed, numerous courts in this Circuit (and elsewhere) have approved incentive awards to class representatives, many of which significantly exceed the award sought here. *See, e.g., Med. Mut. of Ohio*, 291 F.R.D. at 106 (approving incentive awards of $10,000 and $5,000); *Hanrahan v. Britt*, 174 F.R.D. 356, 369 (E.D. Pa. 1997) (awarding $25,000 to two named plaintiffs); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 535 (E.D. Pa. 1990) (approving $5,000 incentive

awards to representatives who "have rendered a public service by contributing to the vitality of the federal Securities Acts"); *see also, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (upholding incentive awards to class representatives); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1208 (C.D. Cal. 2014) (awarding $10,000 incentive award in class settlement); *Faigman v. AT&T Mobility LLC*, No. C06-04622, 2011 U.S. Dist. LEXIS 15825 (N.D. Cal. Feb. 15, 2011) (finding that "incentive payments of $5,000 are presumptively reasonable" in that district).

In the case at bar, Conair has agreed to pay an Incentive Award of $2,500 to each of the six Representative Plaintiffs, subject to the Court's approval. The proposed Incentive Award is appropriate given the circumstances. The Representative Plaintiffs each had estimated losses of less than $100 from a period of non-use or limited use of a machine costing $100 to $350 in most cases. It is submitted that most individuals, if faced with a loss of less than $100, would not be willing to spend the time and effort needed to secure counsel to prosecute an action in court. The Representative Plaintiffs here, however, not only sought out counsel, but also spent time assisting in the investigation of this matter, being interviewed by counsel, and helping to gather information used to prepare the class complaint and discovery requests. Each of the Representative Plaintiffs stood ready to devote more time and effort to the matter if it had proceeded to depositions or trial.

Without Representative Plaintiffs, there would have been no litigation and no recovery for the Class. The requested award would help compensate the Representative Plaintiffs for going the extra mile and expending such time and effort, as well as recognize that each helped to obtain a benefit for hundreds of thousands of their fellow Class members. Accordingly, the requested Incentive Award of $2,500 for each of the named Plaintiffs is reasonable and should be approved.

## V. NO CLASS MEMBERS HAVE OBJECTED TO CLASS COUNSEL'S PROPOSED FEE AWARD AND INCENTIVE AWARDS.

No Class members have objected to Class Counsel's request for Attorneys' Fees, Litigation Costs, and Incentive Awards. This further supports the requested fees and incentive awards.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Class Counsel's application for an award of Attorneys' Fees and Litigation Costs to Class Counsel, and Incentive Awards to the Representative Plaintiffs.

> */s/ John D. Radice*
> John D. Radice, Esq.
> RADICE LAW FIRM, P.C.
> 34 Sunset Blvd.
> Long Beach, NJ 08008
> Tel: (646) 245-8502
> Fax: (609) 385-0745
> jradice@radicelawfirm.com
> *On behalf of the Representative Plaintiffs and the Proposed Class*

Dated: February 5, 2018