UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN CHEPIGA, JACKIE EISENBERG, DEBRA HALL, ROBERT BEDELL, MILCAH HINES, and SUSAN GOODMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAIR CORPORATION,<br><br>~~Defendant.~~ | No. 3:17-cv-01090-BRM-LHG<br><br>[~~PROPOSED~~] ORDER<br><br>Hearing Date: April 5, 2018.<br><br>RECEIVED<br>APR 23 2018<br>AT 8:30___M<br>WILLIAM T. WALSH CLERK |

[~~PROPOSED~~] ORDER GRANTING CLASS CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT, GRANTING PLAINTIFFS' COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND LITIGATION COSTS, AND GRANTING REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS

THIS MATTER having been opened to the Court by class counsel, the Radice Law Firm ("Class Counsel"), on behalf of plaintiffs Ellen Chepiga, Jackie Eisenberg, Debra Hall, Robert Bedell, Milcah Hines, and Susan Goodman (the "Representative Plaintiffs") by way of their unopposed motions (1) for final approval of their proposed settlement with defendant Conair Corporation ("Conair") (together with Representative Plaintiffs, the "Parties") and (2) for an award of attorneys' fees and litigation costs to Class Counsel, and incentive awards to the Representative Plaintiffs in the above-captioned action (this "Class Action");

WHEREAS, the Court has reviewed and considered the motions and supporting materials filed by Class Counsel, and having also reviewed the court file in this Class Action;

1

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

WHEREAS, the Court finds that the Amended Settlement Agreement dated October 25, 2017 (the "Settlement Agreement") was entered into at arm's length by experienced counsel, after extensive negotiations, and is not the result of collusion;

WHEREAS, the Court granted Representative Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement on October 27, 2017, and conditionally certified the settlement class (the "Settlement Class") solely for purposes of settlement (ECF No. 19) ("Preliminary Approval Order");

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, Conair has provided notice (i) on its website and its Facebook and Twitter pages, and (ii) by email to customers who submitted replacement blade requests and provided valid email addresses, and, in addition, Conair has provided notice by direct mail to customers who submitted replacement blade requests and did not provide valid email addresses;

WHEREAS, Settlement Class members were thereby provided with notice and an opportunity to object to the Settlement or opt out of the Settlement Class;

WHEREAS, the Court conducted a fairness hearing on April ~~5~~ 23, 2018; and

WHEREAS, the Court has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the Parties, and the requirements of law and good cause appearing,

IT IS THIS 23 day of April, 2018,

ORDERED that this Final Approval Order is GRANTED, subject to the following terms and conditions:

1. **Definitions**. Unless otherwise provided herein, the Court adopts and incorporates the definitions to all capitalized terms in the Settlement Agreement and those defined terms shall have the same meaning in this Order.

2. **Approval of Settlement Agreement**. The Court finds, upon review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed recovery for the Settlement Class provided for in the Settlement: (i) the blade replacement timetable, (ii) checks for Settlement Class members who do not receive their blades by certain deadlines, and (iii) the limited warranty on the replacement blades, are fair, reasonable and adequate. Accordingly, the terms of the Settlement Agreement, including the exhibit thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect as an Order of the Court. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions. The releases set forth in the Settlement Agreement are incorporated by reference.

3. **Approval of Settlement Class**. This Court certifies the following Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3), including that the proposed Settlement Class is currently and readily ascertainable based on objective criteria:

> **All Conair customers who are eligible to receive replacement blades pursuant to the December 13, 2016 product recall. Excluded from the Settlement Class are any and all Settlement Class Members who timely and validly requested exclusion from the Settlement Class.**

The Court finds that the Settlement Class meets all of the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the Settlement Class for settlement purposes, and approves the Settlement set forth in the Agreement as being fair, just reasonable, and adequate. Specifically, the Court finds and concludes:

a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

b. There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2);

c. The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

d. The Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class, the interests of the Representative Plaintiffs are not antagonistic to those of the Settlement Class, and the Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation, satisfying the requirements of Rule 23(a)(4); and

e. (i) Questions of law or fact common to the members of the Settlement Class predominate over questions affecting only individual members, (ii) a class action is superior to other methods available for the fair and efficient adjudication of the controversy, and (iii) the class is currently and readily ascertainable based on objective criteria, and the proposed method for ascertaining Settlement Class Members is reliable, administratively feasible, and permits Conair to challenge the evidence used to prove Settlement Class membership, satisfying the requirements of Rule 23(b)(3).

4. **Approval of Proposed Recovery**. The proposed recovery described in the Settlement Agreement and Class Notice as settlement consideration is approved as fair, reasonable, and adequate to the Settlement Class Members, and the Parties are directed to administer the Settlement accordingly.

5. **Adequacy of Notices**. The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, *inter alia*, the pendency of this Class Action and the proposed Settlement. The notice provided was the best notice practicable under the circumstances and included individual notice by email or hard copy to all members of the Settlement Class who had submitted replacement blade requests, in addition to notice on Conair's website, and Facebook

and Twitter pages. The notice provided to the Settlement Class fully complied in all respects with the requirements of Rule 23.

6. **Opt-Out Settlement Class Members**. In accordance with the terms of the Settlement Agreement, Class Counsel filed under seal with this Court a schedule of all Settlement Class Members who have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Approval Order and Judgment. The Settlement Class Members who have opted-out are not entitled to receive any benefits from the Settlement as described in the Settlement Agreement and Class Notice.

7. **Approval of Class Representatives**. Based upon the Court's familiarity with the claims and parties, the Court finds that the Representative Plaintiffs adequately represent the interests of the Settlement Class and hereby appoint the Representative Plaintiffs as Class Representatives.

8. **Approval of Class Counsel**. The Court hereby appoints John Radice of the Radice Law Firm ("Radice") as Class Counsel pursuant to Rule 23(g) and finds that he fairly and adequately represents the interests of the Settlement Class.

9. **Binding**. The terms of this Final Approval Order and Judgment and the Settlement are binding on the Representative Plaintiffs and all members of the Settlement Class who have not timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any

allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses that were or could have been asserted in the Class Action.

10. **Dismissal with Prejudice of Complaint**. The Complaint in the Class Action is dismissed with prejudice.

11. **Dismissal of Released Claims**. All Released Claims (as defined in the Settlement Agreement) that were asserted against Conair Corporation in this Class Action are dismissed with prejudice. Furthermore, Representative Plaintiffs and the Settlement Class are barred and permanently enjoined from instituting or prosecuting any Released Claims against Conair Corporation, whether or not such Released Claims were asserted in the Actions.

12. **Class Counsel's Attorneys' Fees**. Class Counsel is hereby awarded reasonable Attorneys' Fees in the amount of two hundred ninety five thousand, three hundred sixty eight ($295,368) dollars and costs in the amount of six hundred twenty two ($622) dollars. These amounts shall be paid and distributed in accordance with the Settlement Agreement.

13. **Representative Plaintiffs' Incentive Awards**. Each Representative Plaintiff is hereby awarded an incentive award in the amount of two thousand five hundred ($2,500) dollars. These incentive awards shall be paid and distributed in accordance with the Settlement Agreement.

14. **Ongoing Jurisdiction**. Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the Parties and the

Settlement Class, for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreement.

15. **No Admission**. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein, or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by the Parties as to the validity of any claim that has been or could have been asserted against any or all of them or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

Dated: 23 APRIL 2018

_____
BRIAN R. MARTINOTTI, U.S.D.J.